DECISION.
{¶ 1} Defendant-appellant Michael Bowman appeals his convictions for robbery and rape, along with the trial court's finding that he is a sexual predator. Bowman received sentences of eight years for the robbery conviction and ten years for the rape conviction, to be served concurrently. Bowman argues that there was insufficient evidence to support his convictions, and that the convictions and the finding that he is a sexual predator were against the manifest weight of the evidence. We affirm.
 I. The Rape and Robbery {¶ 2} At Bowman's trial, victim Alonda Whitehead testified that on the evening of October 19, 2001, she got off a bus and started to walk one block to her aunt's house. A stranger, later identified as Bowman, grabbed her from behind by her head and hair, stuck something in her side, and said, "Bitch, you're going with me." Bowman forced Whitehead to walk several blocks with him toward a park, holding her around the neck and smacking and punching her whenever she spoke or cried.
 {¶ 3} At the park, Bowman threw Whitehead against a fence and ordered her to take off her pants. Whitehead removed one of her shoes, and Bowman punched her in the face. Whitehead then removed one pant leg, and Bowman grabbed her by the neck and slammed her to the ground. Bowman got on top of her and ordered her to give him her rings, which she did. Bowman then forced vaginal intercourse. During the rape, Whitehead saw a man running around a nearby running track and called out for help. Bowman immediately jumped up, and Whitehead was able to run away from Bowman.
 {¶ 4} Whitehead ran and knocked on several doors until Mildred Gaston opened her door. Gaston testified that on the evening of October 19, 2001, she heard banging on her door and looked out the window to see a woman screaming. She let Whitehead inside and then noticed that Whitehead had no clothes on from the waist down. Whitehead collapsed on the floor, screaming and crying. Gaston called 911, and Whitehead explained to the 911 operator that she had been raped. Several days later, Whitehead picked Bowman out of a police photo lineup.
 {¶ 5} Wendy Jodice, a sexual-assault nurse, testified that Whitehead's explanation of what had happened was consistent with the trauma suffered to Whitehead's cervix inside her vagina. Bowman's DNA profile matched the DNA profile obtained from sperm found on a vaginal swab taken from Whitehead.
 II. Citing Jerry Springer {¶ 6} Bowman raises three assignments of error. In Bowman's first two assignments of error, he challenges both the weight and the sufficiency of the evidence presented at trial. Specifically, Bowman contends that his convictions for robbery and rape were against the manifest weight of the evidence and that the state failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal.
 {¶ 7} The legal concepts of weight of the evidence and sufficiency of the evidence are distinct.[1] In an appeal based on the weight of the evidence, the appellate court acts as a thirteenth juror and must determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered.[2] When the appeal is based on the sufficiency of the evidence, the appellate court must determine whether the evidence submitted was legally sufficient to support all the elements of the offense charged.[3] Specifically, the court must determine whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt.[4]
 {¶ 8} Bowman was convicted of rape, under R.C. 2907.02(A)(2), which states, "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 9} Bowman argues that the state did not establish that the sexual intercourse in the park was nonconsensual. Bowman admits that force was used, but claims that it could have just been "rough sex." The Jerry Springer television program is cited for the proposition that some individuals like "rough sex."
 {¶ 10} Whitehead testified that a complete stranger grabbed her from behind, forced her to walk to a park while slapping and punching her, slammed her to the ground, robbed her, and raped her. The state produced evidence of injuries to Whitehead's face and trauma to her vagina, and evidence that Whitehead ran to strangers' homes looking for help while only half-dressed.
 {¶ 11} Though Jerry Springer's television program might be cited for all sorts of weirdness, we cannot conceive that this case was other than a forcible rape and robbery of a complete stranger. The rape conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. We conclude that it was not either a manifest miscarriage of justice nor was there insufficient evidence for the trial court to convict Bowman of rape.
 III. Fleeing a Rapist is not "Abandoning" One's Property {¶ 12} Bowman was also convicted of robbery, under R.C.2911.02(A)(2), which states, "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another." A theft is committed when a person, with purpose to deprive the owner of property, knowingly obtains or exerts control over the property without the consent of the owner, or by threat or intimidation.[5]
 {¶ 13} Bowman argues that the state failed to prove that he exerted control over Whitehead's property without her consent. He argues that when Whitehead ran away from him, she abandoned her belongings. Further, Bowman claims that the record does not indicate that Bowman actually took any of Whitehead's personal belongings away from the scene. These arguments are equally bizarre and feckless.
 {¶ 14} Whitehead testified that, at the park, Bowman punched her, slammed her to the ground, and demanded that she remove her rings and give them to him, which she did. It is irrelevant that Whitehead later ran away from the scene or what Bowman did with the property. We conclude that Bowman's conviction for robbery was not against the manifest weight of the evidence or based on legally insufficient evidence. Accordingly, Bowman's first and second assignments of error are overruled.
 IV. A Sexual Predator
{¶ 15} In his third assignment of error, Bowman claims that the trial court's finding that he is a sexual predator was against the manifest weight of the evidence. To obtain a sexual-predator adjudication under R.C. 2950.09, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[6] Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established."[7]
 {¶ 16} The Ohio Supreme Court has set forth standards for a trial court to follow in a sexual-offender-classification hearing, stating that such standards are designed to assist the appellate court in reviewing the evidence. The trial court should (1) provide a record for appellate review that relates to the issue of whether the offender is likely to recidivate; (2) allow the presentation of expert opinion to assist the trial court in its determination; and (3) consider the ten factors listed in R.C. 2950.09(B)(2) and discuss the particular evidence and factors that relate to the determination regarding the likelihood of recidivism.[8]
 {¶ 17} Here, the trial court held a proper sexual-offender-classification hearing. At the hearing, the state submitted the testimony from the trial for the purpose of establishing the facts of the offense. The state also submitted the court clinic report and the presentence-investigation report. The trial court then considered the R.C. 2950.09(B)(2) factors and held that Bowman should be classified as a sexual predator.
 {¶ 18} After reviewing the record, we hold that the trial court had sufficient evidentiary material before it to produce a firm conviction or belief that Bowman was likely to commit another sexual offense, and that its determination that Bowman is a sexual predator was not against the manifest weight of the evidence. Accordingly, Bowman's third assignment of error is overruled, and the trial court's judgment is affirmed.
Hildebrandt and Winkler, JJ., concur.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52 ,678 N.E.2d 541.
[2] Id. at 387.
[3] Id. at 386.
[4] See State v. Jones, 90 Ohio St.3d 403, 417, 2000-Ohio-187,739 N.E.2d 300; State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492.
[5] R.C. 2913.02.
[6] R.C. 2950.01(E); State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247, 743 N.E.2d 881.
[7] State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
[8] Id. at 166.